# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAINBOW BEND HOMEOWNERS ASSOCIATION, ) ) ) | |
| Plaintiff, ) ) | 3:13-cv-00007-RCJ-VPC |
| vs. ) ) | **ORDER** |
| JOAN G. WILDER et al., ) ) | |
| Defendants. ) ) | |

This case arises out of the foreclosure of a lien for delinquent homeowner's association fees. Pending before the Court is a Motion to Remand (ECF No. 7). For the reasons given herein, the Court denies the motion but orders Plaintiff to show cause why the case should not be dismissed for failure to state a claim.

## I.     FACTS AND PROCEDURAL HISTORY

Defendant Joan G. Wilder gave non-party CSW Financial, LLC (the predecessor-in-interest of Defendant CitiMortgage, Inc. ("Citi")) a $152,000 promissory note, secured by a deed of trust ("DOT"), to purchase real property at 287 Ave. de la D'Emarald, Sparks, NV (the "Property"). (*See* Compl. ¶¶ 2–3, Jan. 4, 2013, ECF No. 1-2; DOT 1–3, Feb. 22, 2008, ECF No. 1-3, at 3). Wilder became delinquent in her assessments owed to Plaintiff Rainbow Bend Homeowners Association, and during or after Wilder's bankruptcy, Plaintiff foreclosed upon the Property and purchased it with a credit bid at a trustee's sale when the bankruptcy judge lifted the automatic stay. (*See* Compl. ¶¶ 10–16). The declaration upon which the foreclosure was based

was recorded prior to the DOT. (*See id.* ¶¶ 3, 7).

Plaintiff sued Wilder and Citi in state court to quiet title to the Property, i.e., asking the state court to declare that: (1) Wilder had no interest in the Property; and (2) Citi's lien was extinguished upon the trustee's sale. Citi removed and counterclaimed for a declaration that its lien was not extinguished by the trustee's sale. Plaintiff has moved to remand. Plaintiff has also amended the Complaint, but the Amended Complaint ("AC") is not substantively different. Wilder has not appeared. Plaintiff has adduced a certificate of service indicating that the AC has been mailed to Wilder, but the Court has not given leave to serve Wilder by mail, but such service is not generally permitted by federal or Nevada law, *see* Fed. R. Civ. P. 4(e); Nev. R. Civ. P. 4(d), and even if it were, Plaintiff does not allege having mailed Wilder any summons, but only the AC.

## II.  DISCUSSION

The Court will not remand. First, Wilder, the only non-diverse Defendant, is indeed fraudulently joined, as Citi argues. There is no indication that Wilder any longer asserts any interest in the Property. Plaintiff's apparent attempted service of the AC upon Wilder only by an improper method (and without a summons) is further evidence that Wilder is not intended as a Defendant to settle any real controversy but only to defeat diversity. Second, Citi is correct that although the value of the Property today may be less than $75,000, Plaintiff seeks to obtain a declaration that Citi's lien worth approximately $152,000 has been extinguished.

Finally, the Court addresses the merits *sua sponte*. Under state law, the foreclosure of a lien for delinquent homeowner's association assessments does not extinguish "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent," unless the delinquency arose before the first mortgage was recorded, which is not alleged here, and which is unlikely ever to occur in practice. *See* Nev. Rev. Stat. § 116.3116(2)(b). In fact, Plaintiff affirmatively alleges that Wilder didn't cease making HOA

payments until a year-and-a-half after the first mortgage was recorded. (*See* Compl. ¶¶ 3, 10 (alleging that the DOT was recorded in February 2008 and that Wilder became delinquent on her HOA assessments in September 2009)).  Plaintiff has only alleged that it foreclosed against Wilder based upon delinquent assessments.  Plaintiff's allegations that Citi's lien against the Property was junior to its lien for delinquent assessments is conclusory and appears legally incorrect on its face and even frivolous.  The Court will therefore order Plaintiff to show cause why its claim for quiet title should not be dismissed for failure to state a claim.  The Court also invites Citi to move for offensive summary judgment on its counterclaim.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that within fourteen (14) days of the entry of this Order into the electronic docket, Plaintiff shall show cause why its quiet title claim should not be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated this 28th day of May, 2013.

_____
ROBERT C. JONES
United States District Judge