1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RAINBOW BEND HOMEOWNERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | 3:13-cv-00007-RCJ-VPC |
| vs. | ) ) | **ORDER** |
| JOAN G. WILDER et al., | ) ) | |
| Defendants. | ) ) ) | |

15      This case arises out of the foreclosure of a residential property by a homeowners

16  association.  Pending before the Court are two Motions for Summary Judgment (ECF Nos. 26,

17  27).

18  **I.      FACTS AND PROCEDURAL HISTORY**

19      Defendant Joan G. Wilder is the former owner of real property at 287 Ave de la

20  D'Emerald, Sparks, Storey County, Nevada (the "Property"). (*See* First Am. Compl. ¶ 2, Jan. 23,

21  2013, ECF No. 2013).  Defendant CitiMortgage, Inc. recorded a first deed of trust against the

22  Property on February 22, 2008. (*See id.* ¶ 3).  Wilder became delinquent on her homeowners

23  association dues in September 2009, and Plaintiff Rainbow Bend HOA recorded a notice of lien

24  based thereupon on March 17, 2010. (*See id.* ¶¶ 10–11).  On October 2, 2010, Rainbow Bend

25  purchased the Property by credit bid at a public auction pursuant to the relevant statutes. (*Id.*

¶ 16).

Rainbow Bend sued Wilder and Citimortgage in state court to quiet title to the Property. Specifically, Rainbow Bend sought a declaration that its foreclosure had extinguished Citimortgage's deed of trust against the Property. Citimortgage removed. Rainbow Bend filed the First Amended Complaint ("FAC"), adding a claim for attorney's fees and costs. The Court denied a motion to remand because Wilder (who has still not appeared) was the only non-diverse Defendant, and she had been fraudulently joined. That is, it was clear she no longer asserted any interest in the Property, and the only attempt to serve her had been by a method that was improper for two independent reasons: (1) service was attempted by mail in Nevada without leave of the Court; and (2) no Summons was alleged to have been sent with the Complaint. Rainbow Bend and Citimortgage have filed cross motions for summary judgment.

## II.   LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden

1  of proving the claim or defense, the moving party can meet its burden in two ways: (1) by

2  presenting evidence to negate an essential element of the nonmoving party's case; or (2) by

3  demonstrating that the nonmoving party failed to make a showing sufficient to establish an

4  element essential to that party's case on which that party will bear the burden of proof at trial. *See*

5  *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary

6  judgment must be denied and the court need not consider the nonmoving party's evidence. *See*

7  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

8      If the moving party meets its initial burden, the burden then shifts to the opposing party to

9  establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

10  475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party

11  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

12  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

13  versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

14  626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment

15  by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d

16  1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and

17  allegations of the pleadings and set forth specific facts by producing competent evidence that

18  shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

19      At the summary judgment stage, a court's function is not to weigh the evidence and

20  determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477

21  U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are

22  to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely

23  colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

24  **III.    ANALYSIS**

25      The Court grants Citimortgage's motion and denies Rainbow Bend's.  The Court has

Page 3 of 5

opined in detail that the foreclosure of an HOA lien in Nevada does not extinguish a first

mortgage recorded before the delinquencies giving rise to that HOA lien arose, which

circumstance appears plain from the face of the FAC in this case. *See generally Bayview Loan*

*Servicing, LLC v. Alessi & Koenig, LLC*, --- F. Supp. 2d ----, 2013 WL 2460452 (D. Nev. 2013);

*see also* Order Denying Reconsideration, July 30, 2013, ECF No. 46 in Case No. 2:13-cv-164.

Most of the other courts in this District are in accord. *See Salvador v. Nat'l Default Servicing*

*Corp.*, No. 2:13-cv-1011, 2013 WL 6019211 (D. Nev. Nov. 13, 2013); *Premier One Holdings,*

*Inc. v. BAC Home Loans Servicing LP*, No. 2:13-cv-895, 2013 WL 4048573 (D. Nev. Aug. 9,

2013); *Kal-Mor-USA, LLC v. Bank of America, N.A.*, No. 2:13-cv-0680, 2013 WL 3729849 (D.

Nev. July 8, 2013); *Weeping Hollow Ave. Trust v. Spencer*, No. 2:13-cv-544, 2013 WL 2296313

(D. Nev. May 24, 2013); *Diakonos Holdings, LLC v. Countrywide Home Loans, Inc.*, No. 2:12-

cv-949, 2013 WL 531092 (D. Nev. Feb. 11, 2013). *But see 7912 Limbwood Court Trust v. Wells*

*Fargo Bank, N.A.*, No. 2:13-cv-00506, 2013 WL 5780793 (D. Nev. Oct. 28, 2013). The Nevada

Supreme Court has not opined on the matter. The Court has not changed its opinion based upon

Plaintiff's arguments in this case, which the Court has seen in other cases. Finally, as in

*Bayview*, the purchase of a residential property free and clear of all encumbrances for the price of

delinquent HOA dues would raise grave doubts as to the commercial reasonableness of the sale

under Nevada law that would have to be addressed even if the Court were to rule otherwise as to

the first mortgage rule. *See Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 919–20 (Nev.

1977).

///

///

///

///

///

1

**CONCLUSION**

2          IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 26) is

3    GRANTED.

4          IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 27) is

5    DENIED.

6          IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

7          IT IS SO ORDERED.

8    Dated this 10th day of January, 2014.

9

10                                        _____
                                          ROBERT C. JONES

11                                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25